SPECIALTY SHOP FOR AUTOMOBILES, PETITIONER, *v.* BENÍTEZ FLORES, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan.

No. 315.—Decided March 29, 1921.

ATTACHMENT WITHOUT BOND—APPEAL.—When an appeal from a judgment of a municipal court is filed in the district court the judgment ceases to exist; therefore the plaintiff has no right to obtain from the district court without bond an order to secure the effectiveness of the judgment under the provision of section 1 of Act No. 27 of April 13, 1916, to the effect that if an attachment is moved for after judgment has been rendered no security shall be required.

ID.—In order that an attachment moved for after judgment may be granted without bond it is necessary that the motion be duly made before the same court which rendered the judgment.

The facts are stated in the opinion.
*Mr. B. Guerra* for the petitioner.
The respondent did not appear.
*Mr. J. Soto Rivera* for the adverse party.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action for the rescission of a contract brought in the Municipal Court of San Juan by Generoso Flores against The Specialty Shop for Automobiles the plaintiff recovered a judgment from which the defendant appealed to the District Court of San Juan, Section 1, filing a transcript of the record in the clerk's office of the said court.

The appellee petitioned the district court for an attach-

ment without bond against the property of the defendant to secure the effectiveness of the judgment recovered by him in the Municipal Court of San Juan and on January 22, 1921, the district court ordered the attachment without the necessity of giving a bond.

The appellant then moved that the said order be set aside on the ground that as an appeal was pending from the judgment of the municipal court, there was no judgment in the district court to sustain an attachment without bond. The court overruled the motion on February 11, 1921.

Counsel for The Specialty Shop for Automobiles sued out a writ of certiorari in this court for a review of the proceedings in the District Court of San Juan, Section 1. The writ was issued and the cause came on for a hearing, counsel for the petitioner and for Generoso Flores appearing.

The only question for consideration is whether the Act to Secure the Effectivenes of Judgments, as amended by Act No. 27 of April 13, 1916, authorizes an attachment without bond in a case of this kind.

Section 1 of said Act No. 27 reads as follows:

"None of the preceding remedies shall be decreed, unless an action is entered, and a petition praying such remedy is made. The petition praying for any such remedy may be entered when the action is entered or at any stage of the proceedings before or after judgment. If security of judgment is prayed after the same has been rendered no bond shall be required."

Let us examine the section transcribed in connection with the Act to Regulate Appeals from Judgments of Municipal Courts, approved March 11, 1908. Construing that act in the case of *Gelabert Hermanos* v. *Córdova,* 17 P. R. R. 1153, we said:

"The judgment of the municipal court having been appealed from to the district court, the appeal having been perfected and a

day set for the hearing of the new trial in the appellate court, the judgment of the municipal court loses all force and effect by operation of law. It could not be reversed, modified or affirmed inasmuch as the new trial must be determined by a new judgment. The mere dismissal of the appeal could not leave in effect a judgment which already had lost its legal force.

"In cases tried *de novo* in the district courts by virtue of an appeal taken from judgments rendered by municipal courts there is, properly, neither appellant nor appellee but only plaintiff and defendant, and, therefore, it is of no avail to invoke as applicable those provisions which regulate appeals to be decided upon the same merits which served as a basis for the judgment appealed from."

In the present case the appellant filed the transcript in the district court and the court had to dispose of the case by a new judgment. The judgment of the municipal court had ceased to have any validity. This being so, application can not be made of the provision that "if an attachment is petitioned for after the rendition of judgment, no bond shall be required."

And the present case can not be governed by the doctrine laid down in the case of *Lorenzo Isern & Co.* v. *Cuevas Zequeira*, 24 P. R. R. 257, in which we said:

"According to section 2 of the Act of 1908 regulating appeals from judgments of municipal courts in civil cases, the presentation of the notice of appeal in the manner prescribed by the first section of the said Act shall have the effect of staying the execution of the judgment. The statute provides that the judgment shall be merely stayed and not annulled by virtue of the appeal taken therefrom. If it be held later that the appeal was not duly prosecuted, the stay ceases and the judgment appealed from recovers its original force."

In the case of *Lorenzo Isern & Co.* v. *Cuevas Zequeira* the transcript had not been filed in the district court, while in the case at bar it had been filed; therefore the cases are different.

Furthermore, considering the wording of section 1 of Act

No. 27 of April 13, 1916, we are inclined to believe that in order that an attachment petitioned for after judgment may be granted without bond, it is indispensable that the petition be made seasonably to the court in which the judgment was entered, although we base our judgment on the rule laid down above that there was no judgment in the district court upon which to base an order for an attachment without bond, that being the theory of the petitioner in this certiorari proceeding.

The orders of the District Court of San Juan, Section 1, of January 22 and February 11, 1921, are set aside, with instructions to the said court to proceed in accordance with the principles laid down in this opinion.

*Orders set aside.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.